```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                    MIDDLE DISTRICT OF PENNSYLVANIA


GREGORY A. KIPP,                    :     4:CV-03-0571
                                    :
     Plaintiff,                     :
                                    :
     v.                             :
                                    :
JO ANNE B. BARNHART, Commissioner   :     (Judge Muir)
of Social Security Administration,  :
                                    :     (Magistrate Judge Mannion)
     Defendant                      :
```

### ORDER

February 2, 2006

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

The above-captioned case involves Plaintiff Gregory A. Kipp's appeal of the Social Security Administration's denial of Kipp's application for Disability Insurance Benefits.  At all times Kipp has been represented in this matter by Attorney Steven M. Rollins.  Attorney Rollins and Kipp entered into an agreement providing that Attorney Rollins would be paid 25% of any retroactive benefits awarded to Kipp.

This case was closed pursuant to an order we entered on August 11, 2004, in which we reversed the Social Security Administration's denial of Gregory A. Kipp's application for benefits.  On October 20, 2004, Kipp filed a motion for the costs and attorney's fees which had accrued to that point.  By order dated November 18, 2004, we granted that motion and allowed Kipp

to recover attorney's fees in the amount of $5474.00. After the case was remanded pursuant to our order of August 11, 2004, Kipp was ultimately awarded retroactive benefits totaling $53,385.00.

On January 16, 2006, Kipp filed a motion to obtain the balance of the attorney's fees due his counsel pursuant their agreement, which amounts to $7,872.25. A supporting brief was filed with the motion. Kipp states in his brief that

> [a]s a result of the Court decision, Mr. Kipp was awarded $53,385.00 in retroactive [benefits], from which the Commissioner withheld $13,346.25, or twenty-five percent (25%), for an attorney fee ....

(Brief in support of motion for attorney's fees, p. 1) The Commissioner's act of setting aside that amount reflects the United States Supreme Court's approval of contingent fee agreements providing for 25% of the benefits awarded to claimants. *See* Gisbrecht v. Barnhart, 535 U.S. 789, 122 S. Ct. 1817 (2002). Subtracting the $5474.00 in attorney's fees awarded to Kipp by way of our November 18, 2004, order from the $13,346.25 set aside by the Commissioner results in a balance of $7,872.25. On January 24, 2006, the Social Security Administration filed a response indicating that it does not object to Kipp's motion for payment of those additional attorney's fees.

We will grant Kipp's motion for fees and costs because it

has merit and is not contested.

    NOW, THEREFORE, IT IS ORDERED THAT:

1. Kipp's motion for attorney's fees and costs (Document 26) is granted.

2. The Defendant shall, if it has not already done so, pay Kipp, within 60 days after the date of this order, the balance of his attorney's fees and costs in the amount of $7,872.25.

                                               s/Malcolm Muir
                                               MUIR, U.S. District Judge

MM:ga